FILED
United States Court of Appeals
Tenth Circuit

April 1, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC R. FIERRO,

        Petitioner - Appellant,

v.

R.C. SMITH, Warden; HECTOR H. BALDERAS, Attorney General for the State of New Mexico,

        Respondents - Appellees.

No. 18-2127
(D.C. No. 2:17-CV-00738-JCH-KBM)
(D. New Mexico)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **MORITZ**, Circuit Judges.

This matter is before the court on Eric Fierro's pro se request for a certificate of appealability ("COA"). Fierro seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" without first obtaining a COA). Because Fierro

has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in New Mexico state court, Fierro was convicted of twenty-nine counts relating to his on-going sexual abuse of his stepdaughter. *See State v. Fierro*, 278 P.3d 541, 542-43 (N.M. Ct. App. 2012) ("Defendant Eric Fierro appeals his convictions for eight counts of first degree criminal sexual penetration (CSP), sixteen counts of second degree CSP, four counts of third degree criminal sexual contact (CSC), and two counts of bribery of a witness, all connected to his actions in sexually abusing his step-daughter . . . over a period of twelve years."). The New Mexico Court of Appeals affirmed Fierro's convictions on direct appeal. *See id.* at 553.

After the state courts denied his request for post-conviction relief, Fierro filed the instant § 2254 habeas petition raising the following seven grounds for relief: (1) denial of the right to a speedy trial; (2) denial of the right to self-representation; (3) actual innocence; (4) the withholding by the prosecution of favorable evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (5) double jeopardy; (6) constitutionally ineffective assistance of counsel; and (7) witness intimidation. The district court referred the matter to a magistrate judge for initial proceedings. 28 U.S.C. § 636(b)(1)(B). In a thorough Report and Recommendation, the magistrate judge recommended that the district court deny

-2-

Fierro's petition because the claims raised therein either (1) failed on the merits upon de novo review[1]; (2) failed because the state courts' resolution of the claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d); and/or (3) failed to state a constitutional violation implicating the right of habeas corpus.[2]  Upon de novo review, 28 U.S.C. § 636(b)(1), the district court adopted the Report and Recommendation and denied Fierro's habeas petition.

Fierro seeks a COA so he can appeal the district court's denial of his habeas petition.  The granting of a COA is a jurisdictional prerequisite to an appeal from the dismissal of a § 2254 petition.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To be entitled to a COA, Fierro must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

---

[1]The majority of the claims set out in Fierro's petition were properly exhausted in state court.  The district court resolved the unexhausted claims on the merits because the record made clear those claims lacked merit.  *See* 28 U.S.C. § 2254(b)(2); *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

[2]*See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

*Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Fierro has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Fierro need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Fierro's appellate filings, the magistrate judge's Report and Recommendation, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Fierro is not entitled to a COA. The district court's denial of Fierro's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. In so ruling, this court concludes it is unnecessary to restate the careful analysis set out in the Report and Recommendation. *Cf. Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (holding that the straightforward process of deciding whether a petitioner is entitled to a COA should not be treated by the Courts of Appeals as

tantamount to a merits determination).  Accordingly, this court **DENIES** Fierro's

request for a COA and **DISMISSES** this appeal.  Fierro's various motions to

supplement the record with materials not before the district court are **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge